332 A.2d 441
**COMMONWEALTH of Pennsylvania**
v.
**Joseph BLAIR, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 13, 1974.

Decided Jan. 30, 1975.

---

10. *Commonwealth v. Blair*, 460 Pa. 31, 36 n. 3, 331 A.2d 213, 215 n. 3 (1975). *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Jay S. Gottlieb, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt,

Asst. Dist. Atty., Chief, Appeals Div., James Wilson, Philadelphia, for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Joseph Blair, was tried by a judge and jury and found guilty of voluntary manslaughter. Post-trial motions were denied and appellant was sentenced to a term of two to eight years in a state correctional institution. This appeal followed.

Appellant's conviction arose out of the fatal shooting of his brother-in-law, Robert Clift, on November 17, 1972, in Philadelphia.

■ Appellant first argues that the following comment made by the District Attorney to the jury relating to his character prejudiced his case:

"This brings me to the question of character. The defendant's character not in general, not the defendant's character for everything. We didn't hear testimony about that. We heard the limited character of peacefulness." We do not agree. The evidence presented by appellant covered the single character trait of his peacefulness and did not relate to his general character. The district attorney pointed this out to the jury and further stated that this testimony did not prove that appellant could not have committed the homicide. While not condoning this type of statement in a summation, we find no prejudicial error in the district attorney's summation. Cf. *Commonwealth v. Zeger*, 193 Pa.Super. 498, 165 A.2d 683 (1960). Moreover, the judge's charge more than amply explained to the jury the purpose and weight to be given to the reputation evidence presented by appellant.

■ Appellant next argues that the court erred in not allowing an individual voir dire of prospective jurors as provided by Pennsylvania Rule of Criminal Procedure 1106, 19 P.S. Appendix. Rule 1106 provides for a jury selection process in capital cases, while Rule 1107 defines the procedure for jury selection in non-capital cases. The trial judge was of the opinion, and we agree, that subsequent to our decision in *Commonwealth v. Truesdale,* 449 Pa. 325, 296 A.2d 829 (1972), there are no capital offenses in Pennsylvania, therefore negating the necessity to conduct a voir dire in accordance with Rule 1106.

■ Appellant raises other allegations of error which we need not discuss, since he failed to note a proper exception at trial. See *Commonwealth v. Clair,* —— Pa. —— 326 A.2d 272 (1974).

Judgment of sentence affirmed.

EAGEN, J., took no part in the consideration or decision of this case.

NIX and MANDERINO, JJ., concur in the result.