405 A.2d 948

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth TORBECK, Appellant.**

Superior Court of Pennsylvania.

Argued May 8, 1979.

Decided June 5, 1979.

Petition for Allowance of Appeal Denied Oct. 24, 1979.

John J. Dunn, Sr., Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, submitted a brief on behalf of Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant pled guilty to murder generally, arson, and two counts of conspiracy. The lower court at a degree of guilt hearing found appellant guilty of murder in the second degree (felony-murder), the arson being the underlying felony. In this direct appeal from judgments of sentence, appellant contends: (1) the evidence was insufficient to prove felony-murder because there was no evidence of intent to commit arson, and (2) it was error for the court to sentence appellant separately on the crimes involved, because arson and conspiracy merge into the crime of murder in the second degree.

 (1) After the plea of guilty to murder generally, it is sufficient to show murder of the second degree that the victim's death occurred during the commission of the felony;

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

the killing need not be intentional. *Commonwealth v. Geiger,* 475 Pa. 249, 254–55, 380 A.2d 338, 340–41 (1977); *Commonwealth v. Scott,* 469 Pa. 258, 272 n. 11, 365 A.2d 140, 147 n. 11 (1976). (2) The underlying felony in a felony-murder does not merge with murder, *Commonwealth v. Sparrow,* 471 Pa. 490, 505–06, 370 A.2d 712, 720 (1977) and the crime of conspiracy does not merge with the substantive offense which is the object of the conspiracy, *Commonwealth v. Miller,* 469 Pa. 24, 28, 364 A.2d 886, 888 (1976).

Judgments of sentence affirmed.