528 A.2d 659

**COMMONWEALTH of Pennsylvania**

v.

**Matthew HOSEY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1987.

Filed July 16, 1987.

James M. Goodwin, Assistant Public Defender, Mercer, for appellant.

Linda H. Barr, Assistant District Attorney, Mercer, for Com.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

TAMILIA, Judge:

Appellant in this case appeals from judgment of sentence. This Court affirms.

Appellant was accused of shooting Isaac A. Bridges on March 25, 1986 outside the Majestic Bar in Farrell, Pennsylvania. The circumstances surrounding the shooting allegedly stemmed from Mr. Bridges' kissing the appellant's

girlfriend on the cheek and squeezing her on the buttocks as he exited the bar. The appellant followed Bridges out of the bar, pulled out a handgun and shot him in the thigh. Several people, including the victim's brother, witnessed the occurrence and testified at trial. Appellant was charged with criminal attempt-homicide, aggravated assault, simple assault and recklessly endangering another person. Bond was increased at a preliminary hearing and appellant's subsequent motion for reduction of bond was denied on May 22, 1986. Appellant then filed a Petition for Writ of Habeas Corpus and/or Other Appropriate Relief and that motion was denied after a hearing on July 9, 1986.

In August 1986, after a jury trial, defendant was found guilty of all charges except the criminal-attempt homicide charge. Appellant filed post-trial motions and these were denied by Orders dated October 23, 1986. Sentence was entered on December 22, 1986 and was amended on January 8, 1987. Appellant filed this timely appeal as to the court's ruling on his post-trial motions.

■ Appellant first argues that the ruling of the lower court judge, which dismissed appellant's petition for writ of habeas corpus, was in error. He argues that he was prejudiced by the judge's failure to grant the petition, specifically as to the criminal attempt-homicide charge. In his Order, the judge states, "[H]aving received testimony on the matter and having determined that there is sufficient evidence to sustain at least some of the charges against the defendant, the Writ of Habeas Corpus is dismissed ..." (Order, 7/9/86). We affirm the lower court's ruling on this matter as we find the appellant has offered no evidence of any prejudice which might have resulted from the ruling. Appellant argues that his bond was set based on all charges, including the attempted homicide, and that without that charge he could have succeeded in obtaining a reduction in his bond. With bond reduced, he could have posted bond and would thus have been in a better position to contact witnesses to testify on his behalf. The trial court, in its Opinion, however, points out that the appellant did, in

fact, produce six witnesses in his defense and testified himself as well (Slip Op., Acker, J., 3/10/87, p. 16). Appellant does not indicate what additional witness he might have produced had he been released.

Additionally, the jury found appellant not guilty of the offense of attempted homicide. Since he cannot be subject to another trial on that charge, there is no relief which could be given him at this stage (Slip Op. at 17). Accordingly, we find this issue to have been mooted by the trial.

■ Appellant's second contention on appeal is that the evidence at trial was so weak, inconsistent and contradictory so as to warrant a new trial, or in the alternative, the evidence produced at trial was insufficient as a matter of law to support the verdict. Defendant properly protected the record for review by filing a Motion for Judgment of Acquittal at the conclusion of all testimony, which motion was denied, and by later filing a Motion for New Trial and Motion for Arrest of Judgment. As the trial court correctly points out in its Opinion, the allegations of inadequacy contained in the appellant's post-trial motions are boilerplate, and thus this Court need not proceed further on this argument since it has not properly been preserved for our review. Paragraph 4 of both appellant's Motion for New Trial and his Motion for Arrest of Judgment contain identical language. They read:

> That the evidence at trial was so weak, inconclusive and contradictory that [a new trial] is warranted in that the testimony should have lead [sic] the jury to a verdict of not guilty to all the charges and specifically as to the charge of aggravated assault, could not have led the jury to the conclusion that the defendant did cause or attempt to cause serious bodily injury.

Motion for New Trial and Motion in Arrest of Judgment.

Appellant has brought this contention in boilerplate language in his motions in arrest of judgment and for new trial. In *Commonwealth v. Tillia,* 359 Pa.Super. 302, 518 A.2d 1246 (1986), we said:

This court has consistently held that a post-verdict motion, stating merely that the evidence was insufficient to support the verdict or that the verdict was against the weight of the evidence, will preserve *no* issue for appellate review unless the motion goes on to specify *in what respect* the evidence was insufficient, or why the verdict was against the weight of the evidence.

*Id.*, 359 Pa.Superior Ct. at 318, 518 A.2d at 1254 (citing *Commonwealth v. Holmes*, 315 Pa.Super. 256, 259–60, 461 A.2d 1268, 1270 (1983) (en banc) (emphasis in original)). In the case before us, appellant's boilerplate allegations contained in his post-trial motions do not preserve the issue for appeal.

■ The last allegation which appellant brings on appeal is that the jury charge given by the trial judge was unduly prejudicial and/or in error so as to warrant a new trial. At trial, appellant's only exception was to the court's stating the caliber of the gun and questioning whether Miss Jackson (appellant's girlfriend) pulled on (appellant's) arm. Pennsylvania Rule of Criminal Procedure 1119 provides:

No portion of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate....

Pa.R.Crim.P. 1119(b). *See Commonwealth v. Ballard*, 501 Pa. 230, 460 A.2d 1091 (1983); *Commonwealth v. Hoang Khai Tran*, 307 Pa.Super. 489, 453 A.2d 993 (1982). Thus we may only review the two items above to which appellant took exception. We find no error in the court's charge.

■ In *Commonwealth v. Bailey*, 322 Pa.Super. 249, 469 A.2d 604 (1983), we said:

The trial judge may comment on evidence as long as the jury is left free to act on its own view of the evidence. *Commonwealth v. Austin*, 274 Pa.Super. 1, 417 A.2d 1220 (1980); *Commonwealth v. Dougherty*, 259 Pa.Super. 88, 393 A.2d 730 (1978). It is well settled that the trial court's instructions to the jury must be read as a whole, and that error cannot be predicated on isolated excerpts from the charge. *Commonwealth v. Irwin*, 494

Pa. 277, 431 A.2d 257 (1981); *Commonwealth v. Todaro,* 301 Pa.Super. 1, 446 A.2d 1305 (1982).

*Id.,* 322 Pa.Superior Ct. at 269, 469 A.2d at 614.

After reviewing the trial judge's instructions as a whole, we find that the jury was left free to act on its own view of the evidence. In fact, the trial judge repeatedly reminded the jury that it was not bound by his comments.

Accordingly, we find no merit to appellant's contention. Judgment of sentence is affirmed.

Judgment of sentence affirmed.