579 A.2d 879

COMMONWEALTH of Pennsylvania, Appellee,

v.

Dwayne L. FULLER, Appellant. (Two Cases)

Superior Court of Pennsylvania.

Argued March 7, 1990.

Filed July 27, 1990.

606

608

J. Richard Robinson, Dillsburg, for appellant.

Gerald A. Lord, Asst. Dist. Atty., York, for Com.

Before WIEAND, TAMILIA and POPOVICH, JJ.

610

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered on June 15, 1989, in the York County Court of Common Pleas, following appellant's conviction on the charges of aggravated assault, solicitation to commit aggravated assault, conspiracy to commit aggravated assault and attempt to commit aggravated assault. Appellant was consecutively sentenced to five to ten years of imprisonment for the aggravated assault and one and one-half to three years for the criminal solicitation. We affirm.

On appeal, appellant asks the following multitude of questions concerning alleged errors below:

1. Whether the trial court committed prejudicial error by amending the information midway through the trial to include the offense of aggravated assault?

2. Whether counsel was ineffective by not objecting to the trial court's amendment of the information after the trial began which resulted in the deprivation of the defendant's constitutional rights?

3. Whether counsel was ineffective by allowing the defendant to make an inculpatory statement to the police under the mistaken belief that a plea agreement had been reached?

4. Whether the trial court's delay in deciding post-verdict motions denied the defendant prompt and timely access to the appeal system?

5. Whether the trial court abused its discretion in imposing a higher and disproportionate sentence upon the appellant in comparison to co-defendants who were convicted of the same offenses?

6. Whether the trial court abused its discretion by imposing a higher and disproportionate sentence upon the defendant in comparison with co-defendants who were more actively principally involved in the crimes all were convicted of?

7. Whether the trial court erred in imposing consecutive sentences for inchoate conviction and substantive offense

which arose out of the same set of facts and circumstances?

8. Whether the verdict was against the weight of he evidence in that the defendant did not intend to commit serious bodily injury by use of a dangerous weapon?

9. Whether the prosecutor committed reversible error in making reference in his closing remark to his own personal beliefs?

10. Whether the prosecutor committed reversible error in making reference in his closing remarks to the commission of crimes that had been dismissed by the court?

11. Whether the court erred in its jury charge by refusing to restrict the Commonwealth as to the facts set forth in the information?

12. Whether the court erred in reading from the comments of Sheldon Toll in his adaptation of the Crimes Code?

13. Whether the trial court's use of an example containing reference to the use of a weapon in the jury charge was reversible error?

The record reveals the following facts: Appellant was solicited by John Baldwin to "rough up" the victim, Terry Weimer, for the sum of $500. Appellant agreed, and, subsequently, Thomas Beavers offered to to perform the task for appellant. Appellant drove Beavers to the victim's home. Beavers then entered the house and shot the victim. Upon hearing the shots, appellant immediately departed, leaving Beavers at the scene.

At trial, appellant contended that he did not envision nor intend that the victim would be shot. Rather, he believed that Beavers would simply "beat up" the victim. However, it is undisputed that the gun used to shoot the victim was owned by appellant and that appellant knew Beavers possessed the gun when he entered the victim's home. Beavers testified that he intended to use the gun to force the victim into the basement where Beavers would then "rough-up" Weimer. Apparently, Weimer refused to follow Beavers' orders and then menaced Beavers with a baseball bat

whereupon Beavers shot the victim numerous times. As a result of the shooting, the victim was hospitalized for one month, lost thirteen pints of blood and partially lost the use of his right hand.

Originally, appellant was charged with attempt to commit criminal homicide, conspiracy to commit criminal homicide and solicitation to commit criminal homicide. However, immediately prior to the beginning of trial, the prosecution sought to amend the indictment and information to include an aggravated assault charge. (Trial Transcript, p. 34) The motion to amend was granted.[1] Following the close of the Commonwealth's case, the lower court granted demurrers to the attempted criminal homicide and related inchoate offenses. Appellant was convicted and sentenced on the remaining charges. This appeal followed.

First, appellant contends the lower court committed prejudicial error by permitting amendment of the information to include the offense of aggravated assault. Pa.R.Crim.P. 229, Amendment of Information, specifically states:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interest of justice.

In *Commonwealth v. Stanley*, 265 Pa.Super. 194, 212–13, 401 A.2d 1166, 1175 (1979), affirmed, 498 Pa. 326, 446 A.2d 583 (1982), we explained:

> The purpose of Rule 229 is to insure that a defendant is fully apprised of the charges against him, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed.

---

**1.** Only the aggravated assault charge was added prior to trial. The Commonwealth did not request to amend the information to include the related inchoate offenses until after the close of the Commonwealth's case. (Trial Transcript, p. 176–177).

(Citations omitted) In effecting this purpose, the courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If however, the amended provision alleges a different set of events, or the elements or defenses to the amended provision crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. (Footnotes omitted)

See also *Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984).

The Commonwealth argues that aggravated assault is a lesser included offense of attempted murder, and consequently, amendment was proper. In support of its position, the Commonwealth cites *Commonwealth v. Shurgalla*, 371 Pa.Super. 244, 537 A.2d 1390 (1988) and *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983). The Commonwealth contends that *Shurgalla* and *Ford* held that aggravated assault was a constituent offense of attempted murder and, for the purposes of sentencing, merged with the more serious offense. While we do not agree with the Commonwealth that aggravated assault is a lesser included offense of attempted murder, we will nevertheless permit the amendment.

Instantly, the Commonwealth has failed to note the distinction between offenses that merge under the prior "interest of the Commonwealth" test and lesser included offenses. The recent Pennsylvania Supreme Court decision in *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989) is illustrative. In *Williams, supra,* the Court held that the doctrine of merger based on whether the Commonwealth has interest in prosecuting a defendant for more than one crime was abrogated. Now, merger occurs only

when, of the two crimes arising from a single criminal episode, one of the crimes is a lesser included offense of the other. *Williams*, 559 A.2d at 29.

■ To quote from *Williams*, 559 A.2d at 28 n. 2., "[a] lesser included offenses is a crime the elements of which are a necessary subcomponent but not a sufficient component of elements of another crime, the greater included offense." In other words, it must be impossible to commit the greater offense without also committing the lesser included offense. Instantly, it is obvious when the elements of criminal attempt murder and aggravated assault are compared that a criminal attempt murder can occur without a constituent aggravated assault.

Criminal attempt, 18 Pa.C.S.A. § 901(a), states: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of that crime." Thus, criminal attempt murder requires 1) specific intent to kill and 2) any act which constitutes a substantial step towards killing. On the other hand, aggravated assault, 18 Pa.C. S.A. § 2702(a)(1), provides: "A person commits an aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting an extreme indifference to the value of human life."

It is crucial to note that the word "attempt" as used in the aggravated assault statute does not carry the same meaning as the more general usage of "attempt" in defining the inchoate crime. With respect to aggravated assault, an "attempt" requires more than a mere "substantial step" towards commission, rather it requires at least a simple assault. See *Commonwealth v. Russell*, 313 Pa.Super. 534, 538–42, 460 A.2d 316, 319–320 (1983), quoting *Commonwealth v. Alexander*, 477 Pa. 190, 193–94, 383 A.2d 887, 889 (1978). After analyzing the elements of criminal attempt murder and aggravated assault, it is obvious aggravated assault is not a lesser included offense since every element of aggravated assault is not necessarily included in criminal

attempt of murder. For example, hiring a contract killer to assassinate one's enemy constitutes a "substantial step" towards commission of a murder and could result in a conviction for criminal attempt murder. However, the same act is clearly insufficient to support an aggravated assault conviction. Without a doubt, certain factual scenarios can result in a conviction for both criminal attempt murder and aggravated assault, but that does not require the offenses to have a lesser included/greater offense relationship. See *Williams*, 559 A.2d at 29 (unlawful restraint arising from same incident as an aggravated assault is not a lesser included offense and does not merge).

By using the pre-*Williams* cases, the Commonwealth has failed to define correctly the relationship of the offenses in question. This becomes self-evident when one considers that criminal attempt murder is a felony of the second degree, 18 Pa.C.S.A. § 905(a), but aggravated assault as charged instantly carries a grade of felony of the first degree.[2] Logically, how can a lesser included offense carry a greater penalty? Simply, it can not.[3] Further, it is analytically consistent with the purposes of criminal jurisprudence to punish a criminal who completes an aggravated assault and causes serious bodily injury more severely than

**2.** The grades of some types of aggravated assault were changed from a felony of the second degree to a felony of the first degree. 18 Pa.C.S.A. § 2702(b), as amended 1986, Dec. 11, P.L. 1517, No. 164, § 1, effective in 60 days. We note that all of the cases cited by the Commonwealth for the proposition that aggravated assault is a lesser included offense of criminal attempt murder were decided under the prior version of § 2702, pursuant to which aggravated assault was a felony of he second degree.

**3.** Assuming aggravated assault is a lesser included offense of criminal attempt murder, then the two would merge for sentencing purposes, and sentence should be imposed only on the greater offense. "When crimes merge for sentencing purposes, the one for which a defendant may be sentenced is the one to which the legislature has attached the greatest penalty." *Commonwealth v. Sayko*, 333 Pa.Super. 265, 271, 482 A.2d 559, 563 (1984); *Commonwealth v. O'Brien*, 356 Pa.Super. 294, 514 A.2d 618 (1986). However, if the aforestated rule were applied when convictions for both aggravated assault and criminal attempt murder have occurred, a defendant would have to be sentenced on the lesser included offense, not the greater, as aggravated assault, in most cases, carries the greater penalty.

a criminal who merely takes a "substantial step" towards completion of a murder. See *Solem v. Helm*, 463 U.S. 277, 293, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637, 651, (1983) ("It is generally recognized that attempts are less serious than completed crimes."); Modern Penal Code § 5.05.

While we agree with appellant that aggravated assault is not a lesser included offense of criminal attempt of murder, we are convinced the lower court correctly permitted the information to be amended.[4] In reviewing the validity of an amendment to a criminal information, we look more to substantial justice than to technicalities. *Commonwealth v. Hulehan*, 338 Pa.Super. 309, 487 A.2d 980 (1985). Instantly, the trial court allowed amendment of the information to include the charge of aggravated assault *prior to trial*.[5] Although this was a case of an eleventh hour amendment, the Court offered appellant the opportunity to request a continuance to prepare to meet the new charge. See T.T., pgs. 7–14. The charge of aggravated assault and criminal attempt murder arose out of the same set of facts. And, under the particular facts of this case, the crimes charged involved the same basic elements.[6] Thus, appellant was placed on notice of his criminal conduct and was not prejudiced by the amendment. Even though the present amendment was substantive in that it changed the grade of the offense charged, *Commonwealth v. Gray*, 329 Pa.Super. 347, 353–54, 478 A.2d 822, 825 (1984), we will

4. Without a doubt, aggravated assault is a lesser included offense of murder. *Commonwealth v. Musselman*, 483 Pa. 245, 247 n. 1, 396 A.2d 625, 626 n. 1 (1979).

5. Appellant argues that the charge of aggravated assault was not added until after the Commonwealth had rested and demurrers had been granted to the criminal attempt murder charge and related inchoate offenses. However, the record clearly demonstrates the aggravated assault charge was added prior to trial.

6. Again, we reiterate that generally aggravated assault is not a lesser included offense of criminal attempt (murder). However, we are not applying the merger test herein. Rather, our purpose is to determine, under the particular facts of this case, whether appellant was placed on notice of his criminal conduct and whether appellant was prejudiced by the last minute addition. *Commonwealth v. Stanley, supra.*

permit the amendment.[7]

We now turn to appellant's allegations of ineffective assistance of trial counsel. The applicable legal standard of review for a claim of ineffective stewardship was concisely stated by our Supreme Court in *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988), as follows:

> There are three elements to a valid claim of ineffective assistance. We inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings. (Citations Omitted)

See also *Commonwealth v. Graham*, 522 Pa. 115, 560 A.2d 129 (1989); *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989).

---

**7.** Substantive amendments have been allowed in the past. See *Commonwealth v. Jones*, 319 Pa.Super. 570, 466 A.2d 691 (1983) (change in grade of criminal mischief permissible; amendment made prior to trial); *Commonwealth v. Womack*, 307 Pa.Super. 396, 453 A.2d 642 (1982) (adding criminal charges to information on day of trial permissible where no showing of prejudice, no request for continuance).

Herein, we distinguish those cases where the Commonwealth sought permission to amend the information substantively only after resting its case. See *Gray*, supra, (trial court improperly permitted information charging defendant with criminal trespass to be amended at close of Commonwealth's case, in that defendant lacked notice of prosecutor's intent to prosecute him for forcible entry rather than surreptitious or deceptive entry, and amendment raised grade of crime from third to second-degree felony, subjecting defendant to more severe penalty); *Commonwealth v. Plybon*, 279 Pa.Super. 329, 421 A.2d 224 (1980) (proposed amendment of information charging defendant with driving under combined influence of alcohol and a controlled substance which would have deleted reference to controlled substance and would have charged driving under the influence of alcohol only was properly denied because it would have substantially altered the offense as charged as to prejudice the defendant, thus, eliminating defense that defendant was not under the influence of any controlled substance at the time of the allegedly criminal act).

■ First, appellant contends trial counsel was ineffective for failing to object to amendment of the information to include a charge of aggravated assault. Having determined that the trial court did not err by permitting the amendment, appellant's underlying argument lacks merit, and counsel cannot be held ineffective for failing to pursue a meritless claim. *Commonwealth v. Cook*, 383 Pa.Super. 615, 557 A.2d 421 (1989).

■ Second, appellant alleges counsel was ineffective for failing to request a continuance to prepare for the new charge. This argument fails because appellant has not explained how he was prejudiced by counsel's action. Moreover, the record is clear that appellant was aware of all the facts pertaining to the criminal attempt murder charge and the aggravated assault charge prior to trial; and, appellant's defense would not have changed if a continuance had been granted. Cf., *Commonwealth v. Goins*, 508 Pa. 270, 495 A.2d 527 (1985) (counsel not ineffective for failure to request continuance where defendant did not show continuance necessary to prepare further for defense).

■ Third, appellant argues that counsel was ineffective for permitting appellant to make an inculpatory statement to police under the assumption that a plea agreement had been reached. However, appellant has not shown he was prejudiced by the statement's admission. On direct examination, appellant testified in a manner consistent with the statement he made to the police, i.e. that the victim was to be "roughed-up," not killed or seriously injured. The testimony of appellant's co-conspirators was also consistent with appellant's at trial testimony and his out-of-court statement. In sum, the evidence admitted via his out-of-court statement was cumulative. Moreover, the evidence of appellant's guilt was overwhelming, and, absent a showing of actual prejudice, counsel can not be held ineffective. *Commonwealth v. Durst, supra.*[8]

8. Moreover, appellant's counsel permitted appellant to make his statement in an effort to reach a plea bargain. Therefore, counsel's action had a reasonable basis designed to effectuate his client's interests, and

■ Next, appellant contends that the trial court's delay in deciding his post-verdict motions denied him prompt and timely access to the appellate system. This argument is also without merit. Appellant complains, in essence, that the approximately one year and five month delay between his conviction and his sentencing violated his constitutional rights to a speedy trial and due process.[9] However, the delay in adjudication of appellant's post-verdict motions and in sentencing was caused by the trial court's desire to provide appellant with "every procedural safeguard necessary for him to be fairly and competently represented." Trial Court Opinion, p. 18. We find no violation of appellant's rights. *See Commonwealth v. Greer*, 382 Pa.Super. 127, 554 A.2d 980 (1989); *Commonwealth v. Stewart*, 221 Pa.Super. 1, 289 A.2d 126 (1972).

Appellant also contends that sentencing court abused its discretion by imposing a higher and disproportionate sentence upon appellant in comparison with his co-conspirators who were convicted of the same offenses and who were more actively involved in commission of the the crime. Appellant was sentenced by Judge Emanuel Cassimatis to five to ten years on the aggravated assault charge and a consecutive sentence of one and one-half to three years on the criminal conspiracy charge. Thomas Beavers and John Baldwin were sentenced by Judge Joseph Erb to five to ten year sentences for aggravated assault and a concurrent

counsel can not be deemed ineffective. *Commonwealth v. Davis, supra.*

9. Appellant was represented at trial by Attorney Floyd P. Jones. He was convicted on Jan 13, 1988. In the post-trial motions filed by Attorney Jones, Jones raised the issue of his own ineffectiveness. In response, the court, on July 25, 1988, appointed new counsel, Attorney Steven G. Zorbaugh. Attorney Zorbaugh requested additional time to study appellant's case. His review was hindered by the absence of a trial transcript which was not made available until December 20, 1988. Attorney Zorbaugh later petitioned the court to withdraw, and said petition was granted on the grounds of conflict of interest. On January 25, 1989, Attorney J. Richard Robinson, current counsel, was appointed to represent appellant and additional post-verdict motions were filed. On April 19, 1989, the lower court filed its opinion addressing appellant's allegations. Appellant was sentenced on June 15, 1989.

sentence of one and one-half to three years for the inchoate offense.[10]

In *Commonwealth v. Hollerbush*, 298 Pa.Super. 397, 408, 444 A.2d 1235, 1241 (1982), we were faced with a similar situation to the one currently before and, therein, we stated:

> This is not a situation where the appellant and his accomplices were tried jointly, or where they were tried singly and sentenced by the same judge. The sentencing judge in this case neither tried nor sentenced any of appellant's accomplices. Where, as here, the sentencing court considered the circumstances of the crime and the particular characteristics of the appellant, the fact that the appellant received a stiffer sentence than other appellants guilty under the same statutory provisions for their respective roles in this gang rape does not in itself constitute grounds for a finding that the appellant's sentence was excessive. *Commonwealth v. Jezorwski*, 280 Pa.Super. 178, 421 A.2d 464 (1980).

▋ Herein, appellant and his accomplices were tried and sentenced by different judges. Accordingly, the fact that appellant received a sentence greater than that of his coconspirators is not in and of itself sufficient grounds to merit resentencing. *Hollerbush, supra.* Further, a review of appellant's sentence reveals no abuse of discretion by the court below. See *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988).

▋ Appellant also contends that the lower court erred in sentencing him for both the completed aggravated assault and the inchoate crime of criminal conspiracy. However, it is well established that the completed crime and the conspiracy to complete the intended crime are separate and distinct offenses and do not merge for sentencing purposes. *Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d

---

**10.** The Commonwealth contends that the inchoate charges filed against Thomas Beavers were nolle prossed pursuant to a "charge bargain." This slight discrepancy in the facts does not influence our decision, and we will accept appellant's version of the facts for our discussion.

583 (1980); *Commonwealth v. Torbeck*, 266 Pa.Super. 535, 405 A.2d 948 (1979).

■■■ Next, appellant alleges the verdict was against the weight of the evidence. Challenges to the weight of the evidence require an assessment of the credibility of the testimony, and we will not entertain such a challenge since our examination is confined to the cold record. *Commonwealth v. Wallace*, 522 Pa. 297, 314–16, 561 A.2d 719, 728 (1989); *Commonwealth v. Nelson*, 514 Pa. 262, 271 n. 3, 523 A.2d 728, 733 n. 3 (1987); *Commonwealth v. Griscavage*, 512 Pa. 540, 542–44, 517 A.2d 1256, 1257 (1986).

■■■ If appellant actually intended this issue to be an attack on the sufficiency of the evidence, his argument is clearly without merit. The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably determine all elements of the crime charged to have been established beyond a reasonable doubt. *Wallace*, 561 A.2d at 722 n. 7; *Commonwealth v. Syre*, 507 Pa. 299, 489 A.2d 1340 (1985). Instantly, it is without question that the evidence was sufficient to sustain appellant's conviction on the charge of aggravated assault. The evidence produced at trial demonstrated that appellant was hired by John Baldwin to "rough-up" the victim; appellant then solicited Thomas Beavers to "rough-up" the victim; appellant drove Thomas Beavers to the victim's home; the .357 handgun used by Beavers to shoot the victim was owned by appellant; appellant knew Beavers possessed the revolver when he entered the victim's home; the victim was hospitalized after the shooting for three weeks and lost approximately thirteen pints of blood; and appellant received $500.00 for the injuries to the victim. Without doubt, the aforementioned evidence was sufficient for the jury to determine that appellant was guilty of aggravated assault based on an accomplice theory.

■ Appellant alleges he should receive a new trial because the prosecutor stated his personal beliefs in his closing statement and, in so doing, reference to charge of the criminal attempt murder, even though the trial court had granted a demurrer to that charge. A review of the prosecutor's closing argument reveals that he did in fact make a passing reference to his personal belief that appellant intended to kill the victim. Trial Transcript, pp. 252–253. However, before the prosecutor could even complete his thought, defense counsel requested he be allowed to approach the bench and objected to the prosecution's comment. The trial court immediately thereafter gave the following curative instruction:

Ladies and gentlemen of the jury, the personal beliefs of attorneys on either side are not supposed to be argued to you or to be considered by you. What you are to pay attention to are the arguments that they make giving it what credibility you think it is entitled to in accordance with the instruction I will give you later on. Trial Transcript, p. 254.

Instantly, we have no reason to doubt the efficacy of the trial court's curative instruction, and appellant has failed to demonstrate any prejudice which the prosecutor's comment may have engendered. Thus, appellant is not entitled to a new trial. *Commonwealth v. Slocum,* 384 Pa.Super. 428, 442–43, 559 A.2d 50, 56–57 (1989).

■ Finally, appellant raised several challenges to the jury instruction of the trial court. He contends the instruction was erroneous because 1) the trial court did not restrict the Commonwealth to the facts as pleaded in the information, 2) the trial court read an excerpt from Sheldon Toll's *Pennsylvania Crimes Code Annotated* regarding accomplice liability and 3) the trial court illustrated the concepts of "intentional," "knowing" and "reckless" by analogizing them to the use of a gun by aiming to kill another, aiming to harm only but actually killing and aiming at a target but missing and killing another.

 It is well settled that the trial court's charge to the jury must be read as a whole and that error can not be predicated on an isolated excerpt from the charge. *Commonwealth v. Dillon*, 386 Pa.Super. 236, 245–48, 562 A.2d 885, 890–891 (1989), allocatur granted, 524 Pa. 595, 568 A.2d 1245 (1989); *Commonwealth v. Bailey*, 322 Pa.Super. 249, 267–69, 469 A.2d 604, 614 (1983), citing *Commonwealth v. Irwin*, 494 Pa. 277, 431 A.2d 257 (1981); *Commonwealth v. Todaro*, 301 Pa.Super. 1, 446 A.2d 1305 (1982). Instantly, viewing the charge as a whole, we can detect no error. Moreover, even if we view the isolated excerpts about which appellant complains, it is obvious that the lower court fulfilled its duty by correctly explaining the law and clarifying the issues for the jury. See *Commonwealth v. Newman*, 323 Pa.Super. 394, 401–02, 470 A.2d 976, 980 (1984).[11]

Having determined all of appellant's assertions of error are without merit, we affirm.

Judgment of sentence affirmed.

WIEAND, J. concurs in the result.

**11.** Moreover, this issue was actually waived by trial counsel because he failed to object to the instruction prior to the jury's retiring for deliberation. Pa.R.Crim.P. 1119(b); *Commonwealth v. Galloway*, 495 Pa. 535, 434 A.2d 1220, 1221 (1981); *Commonwealth v. Smith*, 321 Pa.Super. 170, 179–82, 467 A.2d 1307, 1313 (1983). However, as the trial court address this issue in its review of appellant's post-verdict motions, we also considered the merits of this challenge.