421 A.2d 224

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael Dale PLYBON.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed July 3, 1980.

330

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellant.

Edwin L. Guyer, Blue Bell, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant Commonwealth contends that the lower court erred in denying its petition to amend the bill of information against appellee. We disagree and, accordingly, affirm the order of the court below sustaining appellant's demurrer to the evidence.

On December 1, 1978, the District Attorney of Montgomery County filed a bill of information charging appellee with driving "under the combined influence of alcohol and a controlled substance" on September 22, 1978. At trial, however, the Commonwealth presented no evidence indicating that appellee was under the influence of a controlled substance at the time of the incident. At the close of the Commonwealth's case, appellee demurred to the evidence,

alleging that the Commonwealth had failed to prove the crime with which he was charged. The Commonwealth then moved to amend the bill of information to delete the reference to controlled substances. After hearing oral argument, the lower court denied the motion to amend and sustained appellee's demurrer. The Commonwealth then took this appeal.

Rule 229 of the Pennsylvania Rules of Criminal Procedure provides that "[t]he court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided that the information as amended does not charge an additional or different offense." Pa.R. Crim.P. 229. In *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), this Court elaborated on the test to be applied in determining whether Rule 229 permits amendment:

> [T]he courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. . . . If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Id.,* 265 Pa.Super. at 212, 401 A.2d at 1175 (footnotes omitted).

The original bill of information against appellee charged him under section 3731(a)(3) of the Vehicle Code with driving "under the combined influence of alcohol and a controlled substance to a degree which renders the person incapable of safe driving." 75 Pa.C.S.A. § 3731(a)(3). The Commonwealth sought to amend the bill to charge appellee under § 3731(a)(1) of the Code which prohibits driving "under the influence of alcohol to a degree which renders

the person incapable of safe driving." *Id.* § 3731(a)(1). The Commonwealth contends that the proposed amendment would not have prejudiced appellee, reasoning that because both subsections contain the word "alcohol," appellee "was clearly aware that he would be defending against the Driving Under the Influence of Alcohol [charge] from the original information." Commonwealth's Brief at 6. We disagree.

Although appellee was on notice that he would have to defend himself under § 3731(a)(3), he did not know that he would be required to defend against the *distinct* offense described in § 3731(a)(1). Driving under the influence of alcohol is not a lesser included offense of the crime of driving under the combined influence of alcohol and a controlled substance. Only where "all of the essential elements of the lesser offense are included in the greater" is one crime a lesser included offense of another. *Commonwealth v. Ackerman*, 239 Pa.Super. 187, 192, 361 A.2d 746, 748 (1976). As the lower court aptly stated, "a person may consume a small amount of alcohol which by itself would not cause the person to violate Section 3731(a)(1) (*See* [75 Pa.C. S.A.] Section 1547(d)(1)) and yet when combined with a controlled substance [would] render that same person incapable of safe driving in violation of Section 3731(a)(3)." Slip op. at 2–3 (quotation omitted). Thus, one of the elements of the offense defined in § 3731(a)(1) is not a necessary element of the offense defined in § 3731(a)(3); accordingly, the former is not subsumed within the latter.

Moreover, the available defenses to the two crimes differ substantially. In order to defend against the offense charged in the bill of information, appellant needed only to prove that he was not under the influence of a controlled substance at the time of the alleged offense. That defense would have been irrelevant to the charge of driving under the influence of alcohol. That appellee was in fact relying upon this defense is evidenced by his successful demurrer to the Commonwealth's evidence on that ground. Moreover, the potential for prejudice to the defendant is heightened

where, as here, the Commonwealth moves to amend only after it has rested its case and the defendant has demurred. Thus, because the elements of and the defenses to the amended charge would have differed materially from the original bill of information, we hold that the proposed amendment would so substantially have altered the offense charged as to prejudice defendant and violate Rule 229. The lower court therefore properly denied the Commonwealth's motion to amend.

Order affirmed.

PRICE, J., dissents.