J-S80003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VAUGHN DANTE TYNER | : | |
| | : | |
| Appellant | : | No. 3780 EDA 2016 |

Appeal from the Judgment of Sentence September 15, 2016
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003314-2016

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                        **FILED MAY 04, 2018**

Vaughn Dante Tyner appeals from the judgment of sentence of seventy-two hours to six months imprisonment, plus community service, fines, and costs, after he was convicted of driving under the influence ("DUI"). Appellant's counsel has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We deny counsel's application to withdraw and remand for counsel to file an advocate's brief.

The trial court summarized the underlying facts as follows.

> On February 19, 2016, Trooper [Tyrone] Bradley was working the 11 pm to 7 am shift along with his partner Trooper Woody. Trooper Bradley was patrolling I-95 southbound in a marked state police vehicle, when he observed a red mustang in the middle lane, traveling at [a] high rate of speed in the area of Exit 3, which is located in Chester, Delaware County, Pennsylvania. Further, Trooper Bradley observed that the

vehicle weaved within its lane of travel before crossing over the dotted white lines with the passenger-side tires, and then began driving in between the middle and right lanes. Trooper Bradley followed the vehicle and clocked it going 83 miles per hour in a 55 mile[-]per[-]hour zone.[1]

_____

[1] [The Commonwealth offered into evidence] a Pennsylvania Department of Transportation, the Bureau of Motor Vehicles certificate of speedometer accuracy. [Trooper Bradley] further explained that his vehicle's speedometer was tested and calibrated on September 2, 2015.

Trooper Bradley subsequently noticed the red mustang, which was still traveling at a high-rate of speed, cross the white line a second time. At this time Trooper Bradley activated his lights and sirens and initiated a traffic stop on South I-95 at mile marker 0.3, which is located in Lower Chichester Township, Delaware County, Pennsylvania. The driver complied by pulling over.

Next, Trooper Bradley, along with Trooper Woody approached the red mustang. Trooper Bradley approached the driver, who he learned to be [Appellant], and introduced himself as a Pennsylvania State Trooper. Trooper Bradley asked Appellant for his driver's license, registration, and insurance card, while proceeding to explain to Appellant his reasoning for pulling him over. Trooper Bradley observed that Appellant did not appear to be focused when locating the requested documents. Moreover, Appellant asked Trooper Bradley to repeat the documents needed.

While speaking with Appellant, Trooper Bradley detected an odor of alcohol on his breath. Additionally, Trooper Bradley detected a strong odor of burnt marijuana coming from within the vehicle, and observed that Appellant's eyes were bloodshot, red, glassy, and that his pupils were dilated. When asked about the odor of marijuana, Appellant stated that there was no marijuana in the vehicle, but that he had smoked it in the car with some friends earlier that evening. When asked if he had consumed any alcoholic beverages that evening, Appellant stated that he had one tequila sunrise and then one double-shot of rum and coke.

At this point, Trooper Bradley asked Appellant to exit the vehicle to perform standardized field sobriety tests. Trooper Bradley started with the horizontal gaze nystagmus test. Next, Trooper Bradley asked Appellant to perform the walk-and-turn test. In regard to the walk-and-turn test, while giving Appellant the instructions, Trooper Bradley observed that Appellant visibly swayed, could not keep his balance. During the first series of 9 steps, Trooper Bradley observed that Appellant lost his balance, did not walk in a straight line, raised his arms, did not touch heel-to-toe, and completed an improper turn. On the second series of steps, there was no heel-to-toe, Appellant raised his arms for balance, did not walk in a straight line, and did not count aloud as instructed.

Next, Trooper Bradley conducted the on[e]-legged stand test. Again, he walked through the instructions with Appellant. During the test, Trooper Bradley observed that Appellant visibly swayed, put his foot down several times, could not keep his balance and raised his arms. At this point, Trooper Bradley stopped the administration of the field sobriety tests.

Based on Trooper Bradley's observations of Appellant on the road, his contact of Appellant's person, Appellant's performance on the field sobriety tests, and Appellant's admission to consuming alcohol and smoking marijuana, Trooper Bradley believed that Appellant was incapable of safe driving and placed him under arrest for driving under the influence.

Trial Court Opinion, 3/6/17, at 2-4 (citations omitted).

Appellant proceeded to a non-jury trial on DUI—general impairment, 75 Pa.C.S. § 3802(a)(1), and DUI—controlled substance (impairment), 75 Pa.C.S. § 3802(d)(2),[1] as well as several summary offenses. The trial court

---

[1] The Commonwealth had originally charged Appellant with a violation of 75 Pa.C.S. § 3802(d)(1)(iii) (DUI—controlled substance (metabolite)), but did not proceed on that count after the trial court excluded blood test results under ***Birchfield v. North Dakota***, 136 S. Ct. 2160 (2016).

found Appellant guilty of both DUI charges.[2]  Appellant was sentenced as indicated above, and filed a timely post-sentence motion.  After its denial, Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed both an **Anders** brief and an application to withdraw as counsel.  Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

---

[2] Appellant was also convicted of exceeding the 55-mile-per-hour speed limit by 28 miles per hour and fined accordingly.  75 Pa.C.S. § 3362(a)(2), (c).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra*, at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[3] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, *supra*, at 354 n.5).

In the *Anders* brief, counsel presents the following issue of arguable merit: "[t]he evidence was insufficient to convict [Appellant] of the offenses at issue herein since the evidence was so weak and inconclusive that a

---

[3] Appellant has not filed a response to counsel's application.

reasonable trier of fact would not have been satisfied of his guilt." ***Anders*** brief at 6.

We review this issue mindful of the following. "Our standard of review of a sufficiency of the evidence claim is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. ***Commonwealth v. Sales***, 173 A.3d 825, 828 (Pa.Super. 2017) (citation and quotation marks omitted).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact–finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact–finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Williams***, 153 A.3d 372, 375 (Pa.Super. 2016) (quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa.Super. 2014)).

Appellant was convicted under the following provisions of the Vehicle Code:

**(a) General impairment.**—

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

. . . .

**(d) Controlled substances.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

. . . .

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802.

Hence, to meet its burden of proof under subsection 3802(a)(1), the Commonwealth was required to prove beyond a reasonable doubt that Appellant's substantially-impaired ability to drive safely was caused by alcohol consumption. *Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa.Super. 2011). To establish that Appellant was guilty of violating subsection 3802(d)(2), the Commonwealth similarly had to prove causation, i.e., that Appellant's inability to drive safely was caused by the influence of a drug or combination of drugs. *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012). Upon review of the record, we find that Appellant is

able to make a non-frivolous argument that the evidence was insufficient to establish the causation.

Expert testimony is not always required to establish that impairment was caused by a controlled substance; rather, the necessity for such evidence depends on the specific facts of the case. *Commonwealth v. Griffith*, 32 A.3d 1231, 1238 (Pa. 2011).

Relevant to our review is *Commonwealth v. Gause*, 164 A.3d 532 (Pa.Super. 2017) (*en banc*), a case decided after counsel filed her *Anders* brief. In *Gause*, the Commonwealth offered evidence that, when Gause was stopped for a traffic violation, the officer smelled alcohol, and Gause admitted to having consumed beer. *Id*. at 535. Gause also exhibited eyelid tremors, which the officer indicated was indicative of marijuana use. *Id*. at 536. Another officer who had administered sobriety tests opined that Gause was impaired by both alcohol and marijuana. *Id*. at 537.

On appeal, this Court vacated Gause's convictions under subsections (a)(1) and (d)(2) of the DUI statute, which are the same two offenses at issue in the instant case. This Court first held that the lay opinion testimony offered by the officers as to causation was improper. We determined that, based upon the lack of physical evidence of marijuana use, and "no admission from Gause that he had recently smoked marijuana," the officer's "observations did not obviate the necessity of an expert to explain whether 'eye tremors,' or 'body tremors,' would indicate that someone was under the

influence of marijuana and that this impaired his ability to safely drive[.]" *Id*. at 539 (emphasis omitted). Without the improperly-admitted lay opinion testimony, "there was a total lack of proof that Gause was under the influence of a drug to a degree that his ability to safely drive was impaired." *Id*. at 540. Further, this Court concluded that the record did not support a finding that Gause was under the influence of alcohol to a degree that rendered him incapable of driving safely. *Id*. at 541-42. Accordingly, we vacated Gause's convictions under both subsections 3802(d)(2) and 3802(a)(1).

Here, the only witness offered by the Commonwealth was Trooper Bradley. Although he testified to having personal and professional experience observing people under the influence of alcohol, controlled substances, or both, and that he has received extensive training in administering field sobriety tests, Trooper Bradley was neither offered nor accepted as an expert witness. N.T. Trial, 8/15/16, at 6-8.

As detailed above, Trooper Bradley offered extensive testimony that Appellant was not sober. He also opined, based upon Appellant's physical condition and "basically his admissions of consuming alcoholic beverages and smoking marijuana," that Appellant was incapable of safely driving. *Id*. at 17. However, the record is not clear that Trooper Bradly offered, or was necessarily qualified to offer, opinion testimony that Appellant independently was impaired by alcohol and or independently impaired by marijuana.

Appellant was neither tried nor convicted for violating the portion of the DUI statute that prohibits a person from operating a vehicle if "[t]he individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(d)(3). A violation of that subsection could be present where neither the alcohol nor drug effects alone caused substantial impairment. As this Court has recognized, "a person may consume a small amount of alcohol which by itself would not cause the person to violate [the DUI statute] and yet when combined with a controlled substance would render that same person incapable of safe driving in violation of" the subsection addressing the combined influence of drugs and alcohol. *Commonwealth v. Plybon*, 421 A.2d 224, 226 (Pa.Super. 1980).

Rather, to sustain his respective subsection 3802(a)(1) and (d)(2) convictions, the record must contain evidence sufficient to establish that Appellant was incapable of safe driving because of alcohol impairment, and unable to drive safely due to impairment by a drug or combination of drugs. It is not readily apparent that the Commonwealth did so. Given that the only evidence as to the amount of intoxicants consumed by Appellant is his admission that he had smoked marijuana in the vehicle with some friends "earlier that night," and that, at some unspecified time in the past "he had one tequila sunrise and then one double shot of rum and coke," N.T. Trial,

8/15/16, at 13, it is arguable that the Commonwealth could not prove the violations without expert testimony differentiating and quantifying the effects of the substances Appellant consumed.

By no means are we convinced that the evidence was insufficient to support Appellant's convictions. However, a sufficiency challenge is not so clearly devoid of merit to warrant classifying this appeal as frivolous, especially in light of the *Gause* decision that was addressed by neither party. From our review, it appears that counsel has the factual and legal bases to put forward a good-faith argument that the evidence was insufficient to sustain the DUI convictions.[4]

Accordingly, we deny counsel's application for leave to withdraw and remand the case for counsel to file an advocate's brief within 60 days of the date of this memorandum. The Commonwealth may file a brief in response within 30 days thereafter.

Nicholena A. Iacuzio, Esquire's application to withdraw appearance denied. Case remanded with instructions. Panel jurisdiction retained.

---

[4] Due to our conclusion that the issue identified by counsel is not frivolous, we need not examine the record for additional non-frivolous issues. *See* ***Commonwealth v. Blauser***, 166 A.3d 428, 434 (Pa.Super. 2017) (requiring counsel to file merits brief due to a finding that one of the issues set forth in the ***Anders*** brief was not wholly frivolous; panel did not proceed to independently examine record for additional issues). We also note that our order directing a merits brief "does not represent *sub silentio* a conclusion that no other arguably meritorious issues exist." ***Commonwealth v. Tejada***, 176 A.3d 355, 362 (Pa.Super. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/18